## Michigan Star Furniture Company v. Tiddy.

*Contracts—Sales—Memorandum in writing—Sales Act of May 19, 1915.*

1. The note or memorandum in writing of the contract or sale contemplated by section 4 of the Sales Act of May 19, 1915, P. L. 543, must be sufficient in itself to create a liability in order that the writing may be sustained as such a note or memorandum. To call in oral testimony to support the writing as a basis of liability would not only be in contravention of the plain purpose of the act, but destructive of its salutary provisions.

2. Where, on demurrer, judgment was entered for defendant for the reason that plaintiff's statement averred an oral contract, without allegation that defendant gave anything in earnest to bind the contract or in part payment thereof, or that any note or memorandum in writing of the contract of sale for merchandise was signed by defendant, a rule to show cause why judgment on the demurrer should not be opened and plaintiff permitted to amend his statement was dismissed, where the reasons assigned to sustain the rule were that defendant wrote several letters, which plaintiff contended were a sufficient note or memorandum in writing of the sale, as required by the Sales Act, but which letters were not an unequivocal acknowledgement of any order, and could not be connected with the sale in the absence of oral testimony.

3. In this case the rule was discharged without prejudice to the right of the plaintiff to bring another action, upon payment of all costs accrued in this suit, provided that the contract or sale could be sustained by a proper memorandum or note in writing, as contemplated by the Sales Act of 1915.

Rule to show cause why judgment on statutory demurrer should not be opened. C. P. Northumberland Co., Sept. T., 1921, No. 248.

*C. F. Shipman,* for plaintiff; *Voris Auten,* for defendant.

LLOYD, J.—The plaintiff brought this action to recover the sum of $450, being the balance due on a sale of merchandise to the defendant in the sum of $512. The statement of claim averred an oral contract without any allegation that the defendant accepted and actually received the same, or any part thereof, or that the defendant gave anything in earnest to bind the contract, or in part payment thereof, or that any note or memorandum in writing of the contract of sale for said goods was signed by the defendant or his agent in that behalf. The defendant filed an affidavit of defence in the nature of a demurrer. We sustained the demurrer and directed that judgment be entered for the defendant in an opinion heretofore filed. The facts of the case and the reasons for our action in the matter are fully set forth in the said opinion.

The case is now before us upon a rule to show cause why the judgment on the demurrer should not be opened and the plaintiff permitted to amend the statement in the following particulars, to wit:

(a) By averring a written instead of an oral contract. (b) By adding thereto the allegation "that the order for the goods in question was taken in Pennsylvania and sent by mail to Zealand, Michigan, where it was accepted and the goods were set aside and delivered to the defendant by placing them

into the hands of a common carrier for shipment to the defendant. *(c)* By adding thereto an explanation of the nature of a credit memorandum attached to said statement. *(d)* By adding thereto such other averments and allegations as are pertinent to the issue.

The reasons assigned to sustain the rule are that defendant wrote several letters to the plaintiff, copies of which are attached to the petition for the rule, and which letters the plaintiff now contends are a sufficient note or memorandum in writing of the sale as required by the Sales Act of May 19, 1915, P. L. 543.

In support of this contention, plaintiff relies on the decision in the case of Southern Pine Sales Corp. *v.* Braddock Lumber Co., 69 Pitts. L. J. 240, wherein it is held "that a letter of defendant which identified the order by numbered slips, admitted the making of the order and expressed a desire to cancel the same, was an unequivocal acknowledgment of the order and was a sufficient memorandum of the sale as required by the Sales Act of 1915."

The facts of the present case differ materially and fundamentally from those of the cited case. In the case we are considering the letters do not identify the order of sale upon which suit is brought. They may be taken to refer to an order or a number of orders; nor can it be said that the letters amount to an unequivocal acknowledgment of any order. The most that can be said for them is that it may be inferred that they refer to the order; but it would still require oral testimony to connect them with it, and therein lies the weakness of the letters.

The note or memorandum in writing of the contract or sale contemplated by section 4 of the Sales Act of 1915 is a writing creating a liability thereon. "The clear purpose of section 4 of the Sales Act is the prevention of fraudulent practices commonly endeavored to be upheld by perjury and subornation of perjury. . . . It evidently contemplates legal proceedings against one of the parties to it, and its design is to prevent perjury and subornation of perjury by refusing the aid of the law in the enforcement of any rights claimed under it against him without such written evidence:" Gano, Moore & Co., Inc., *v.* Burtner Coal Co., 28 Dist. R. 825. Hence, the writing must be sufficient in itself to create a liability in order that it may be sustained as such a note or memorandum; and, to say the least, letters written subsequently to an alleged contract or sale, when relied on to evidence the written memorandum required by the said act, must, at all events, be self-sustaining and of such character as to exclude all inference that they may relate to any other. To call in oral testimony to support them as a basis of liability would not only be in contravention of the plain purpose of the act, but destructive of its salutary provisions.

The ultimate purpose of the rule in this case was to enable plaintiff to amend the statement of claim in the particulars above set forth. The discharge of the rule of necessity carries with it the right to amend. The amendments sought are widely variant in their nature from the original proceedings and are unlimited in scope. We are, therefore, unable to say whether or not plaintiff has a cause of action.

For the foregoing reasons, the following order is made without prejudice to the rights of the plaintiff to bring another action upon the payment of all costs created by this suit, provided, however, that the contract or sale out of which the present action arose can be sustained by a proper memorandum or note in writing thereof as contemplated by the Sales Act of 1915.

And now, Nov. 6, 1922, rule discharged.

From C. M. Clement, Sunbury, Pa.